PER CURIAM.
 

 Michael Jensen seeks habeas corpus relief after being sentenced to 80 days for civil contempt, in failing to pay court ordered child support as well as other costs and fees earlier ordered. We agree that the order of contempt must be vacated.
 

 The petitioner correctly argues that the written order holding him in contempt does not make any findings of present ability to satisfy the purge amount set at $3500.
 
 See Carbonell v. Department of Revenue,
 
 30 So.3d 664 (Fla. 5th DCA 2010). The respondent does not dispute this contention, but merely asserts that the transcript of the hearing in this matter supports the finding of contempt and the 30 day sentence imposed. Unfortunately, even if the respondent is correct, the trial judge has utilized a form order which does not include the requisite “separate affirmative finding that the contemnor has the present ability to comply with the purge and the factual basis for that finding.”
 
 See
 
 Fla. Fam. R.P. 12.615(e). As such, the order of contempt cannot stand.
 

 The petitioner further requests that this court order the case be reassigned to another trial judge. Since no proper basis has been asserted or established for such relief, the request is denied.
 

 PETITION GRANTED, vacating order of contempt.
 

 MONACO, C.J., GRIFFIN and ORFINGER, JJ., concur.