WARNER, J.
This appeal arises out of an attorney’s fees award in an adversarial probate proceeding. The court awarded fees against appellants personally, and they appeal. We affirm the sanction but reverse the determination of the amount of the award, because not only did the trial court fail to determine the reasonable number of hours expended, it also awarded an excessive amount for the sanctionable conduct.
The decedent, Dr. Ludovic DeVocht, passed away in 2005, survived by his wife, who passed away fifteen days later, and his three children. The appellants, Bennett and Miller, sought to admit a will executed in 2005, which left a substantial portion of the estate to them. Bennett claimed to be the decedent’s long-term mistress, while the relationship of Miller to DeVocht is not stated. DeVocht’s children challenged the will and sought to admit a will executed in 2004. The parties settled the case at mediation, agreeing to admit the 2005 will to probate with substantial modifications. The court entered an order approving the settlement in 2006. However, Bennett refused to sign the releases contemplated under the settlement, and in September 2006, the children moved for sanctions and to enforce the settlement.
Bennett moved to vacate the settlement agreement because the settlement agreement approved by the court contained different terms than the one agreed to at mediation. The court vacated the order approving the settlement, although it found that the changes made to the agreement were a result of neglect and not bad faith. Despite the fact that the trial court vacated its approval of the 2006 settlement, the estate apparently continued to be probated pursuant to the terms of the 2006 settlement agreement.
In 2008 Bennett’s attorney announced at a court hearing that the parties had agreed to another settlement. Subsequently, the attorney withdrew, and Bennett, acting pro se, filed a myriad of motions attacking the purported settlement agreement. The children filed a motion to enforce, claiming that the dispute had been resolved and that the parties had reached a formal settlement agreement. They alleged that before Bennett’s counsel withdrew, he represented to the court that his clients would sign the formal settlement agreement and the releases, but the appellants still had not done so.
During a November 2008 hearing on the children’s motion to enforce settlement, the children argued that appellants’ counsel made numerous representations to the court at the prior hearing that appellants would sign the settlement agreement, but *1157 nothing had been signed. Bennett, who was then representing herself, opposed the motion to enforce the settlement. Among other things, she claimed that she had not agreed to the settlement and that she hired an investigator who informed her that the children had improperly removed assets from the profit sharing plan which was part of the estate. She also claimed that she was misinformed concerning her entitlement to assets of the estate other than the profit sharing plan. The court asked her what evidence she had to support her allegations of misappropriation, or to give the court the name of her investigator, explaining that the motion to enforce was set and she had to support her objections to enforcement at the hearing. She could provide neither, maintaining that she did not know that she needed that information at the hearing. In an abundance of caution, the court decided to continue the hearing, admonishing Bennett that if she did not provide proof at the reset hearing, it would order her responsible for the children’s attorney’s fees “for today and any other time we come back.” The court also indicated that if she did not come forward with proof of her allegations, it would enforce the 2008 settlement. The court scheduled a hearing for January 2009 for Bennett to present proof that assets were taken out of the profit sharing plan.
Before the January 2009 hearing, the trial court entered two orders compelling reimbursement of estate assets, as well as an order discharging the personal representative. In a related case (case no. 4D08-4986), appellants appealed those orders, arguing primarily that there was no enforceable settlement agreement.[1]
While the related appeal was pending, the trial court held the January 2009 hearing. Appellants, through new counsel, argued that there was no settlement agreement. As to appellants’ allegations regarding a misappropriation of assets, Bennett admitted that she did not bring any evidence with her to show that any assets were improperly removed from the profit sharing plan. The court acknowledged that it could not force Bennett to sign the formal settlement agreement (i.e., the formal agreement her former counsel had prepared in 2008), but that it could find her responsible for attorney’s fees if it determined that she engaged in vexatious litigation and unduly prolonged the litigation. In March 2009, the court entered an order refusing to enforce the 2008 settlement agreement but finding that appellants failed to produce any evidence to substantiate their claim that the children removed assets from the profit sharing plan. The court thus ordered them to pay the children’s fees and costs for the preparation and attendance of the November and January hearings.
The court then held two hearings on the attorney’s fees issue. The children’s expert testified to a reasonable hourly rate of $325 per hour and a reasonable number of *1158 hours, which included all of the time preparing for and attending the November hearing as well as the January hearing and all the subsequent hearings, including those on the determination of the amount of attorney’s fees. The expert also stated that his rate was $350 an hour and his total fee was $1,225 for the work he had done. The children’s attorney also testified, claiming that she was entitled to fees based upon section 733.106, Florida Statutes, in that her efforts benefited the estate by ending litigation and preserving assets. Counsel seemed to acknowledge that not all of the fees requested were directly related to the appellants’ failure to come forward with proof that assets had been taken from the profit sharing plan, but nevertheless maintained that she presented the time incurred that she believed was reasonable pursuant to the court’s orders and oral ruling at the November 19, 2008 hearing. Appellants’ counsel further argued that the children were seeking a fee award which would punish the appellants for not signing the formal settlement agreement. The court, however, stated that the appellants “can’t be punished for not entering into the Settlement Agreement.”
At the conclusion of the hearing, the trial court found that the children’s use of an expert witness was necessary given appellants’ refusal to provide a written waiver. The court also found that “fees for fees” were awardable under the circumstances of this case, reasoning that children were paying their attorney, the fees were contested, and the award was being imposed as a sanction on the appellants pursuant to the court’s inherent authority. The court cited Moakley v. Smallwood, 826 So.2d 221 (Fla.2002), in support of the award, though the court stated that it was not “sanctioning the attorney,” but rather was “sanctioning the client” based upon her unsupported allegations, which caused a delay in the proceedings.
The court awarded $12,500 in fees out of the $15,990 requested, but the court did not make any findings regarding the fee or otherwise explain the basis for the reduction, nor did it make any findings specifying the amount of reasonable hours or the hourly rate of the children’s counsel. The court awarded the full $2,558.30 of the requested costs. The entire amount was assessed against the appellants personally. This appeal follows.
Because the appellees argued entitlement pursuant to section 733.106, Florida Statutes, and the trial court did not explain in its written order whether it was awarding fees as a sanction or pursuant to statute, we first address the legal basis to support an award. Based upon the trial court’s oral statements at several hearings, we conclude that the court awarded fees as a sanction and not pursuant to the statute. We agree with the appellants that an award pursuant to the statute would be improper.
Section 733.106(3), Florida Statutes, provides: “Any attorney who has rendered services to an estate may be awarded reasonable compensation from the estate.” Section 733.106(3) does not provide a valid basis for personal liability for attorney’s fees. See Snyder v. Bell, 746 So.2d 1100, 1104 (Fla. 2d DCA 1999); Dayton v. Conger, 448 So.2d 609, 612 (Fla. 3d DCA 1984). Although the fee order stated that the fees could come from the appellants’ share of the estate if the appellants did not pay the fees by a date certain, the order imposed personal liability on the appellants. We thus reject appel-lees’ contention that the award could be based upon the statute.
Instead, as the trial court itself orally pronounced in at least two hearings *1159 and one written order, the fees were awarded as a sanction. A trial judge’s decision to impose sanctions for bad faith litigation conduct is reviewed under an abuse of discretion standard. See Shniderman v. Fitness Innovations & Techs., Inc., 994 So.2d 508, 515 (Fla. 4th DCA 2008).
In Moakley, our supreme court held that a trial court possesses the inherent authority to impose attorney’s fees against an attorney for bad faith conduct. 826 So.2d at 226. “Although Moakley involved the imposition of fees against an attorney, the procedures described in the case are equally applicable to the assessment of fees against a party.” T/F Sys., Inc. v. Malt, 814 So.2d 511, 513 (Fla. 4th DCA 2002). The supreme court cautioned, however, that the “inherent authority of the trial court, like the power of contempt, carries with it the obligation of restrained use and due process.” Moakley, 826 So.2d at 227. A trial court’s exercise of the inherent authority to assess attorney’s fees “must be based upon an express finding of bad faith conduct and must be supported by detailed factual findings describing the specific acts of bad faith conduct that resulted in the unnecessary incurrence of attorneys’ fees.” Id. Further, “the amount of the award of attorneys’ fees must be directly related to the attorneys’ fees and costs that the opposing party has incurred as a result of the specific bad faith conduct of the attorney.” Id.
Based upon the appellants’ position at the November and January hearings, we conclude that the court acted within its discretion in sanctioning appellants to some extent. At the November 2008 hearing, Bennett represented to the court that she would not execute the formal settlement agreement, in part because of the children’s alleged theft from the profit sharing plan. She claimed to have evidence of improprieties of the children in handling the estate assets. The court deferred ruling on the motion to enforce and continued the case so that appellants would have the opportunity to bring proof of this allegation, cautioning her that if she failed to support those allegations with proof, that the court would award attorney’s fees for the November hearing and any subsequent hearings. It is therefore clear that the continuance was attributable to appellants’ allegations, which were never substantiated. Further, the court specifically found that appellants had engaged in vexatious litigation conduct by making the unsubstantiated claim that the children had improperly taken assets from the profit sharing plan.[2]
Nevertheless, at the January hearing, the court refused to enforce the settlement agreement because it found that the appellants could not be compelled to sign the settlement agreement and releases, even though it found that appellants should be sanctioned for failing to support their allegations of improprieties by the children.
Thus, the sanctionable conduct consisted only of the appellants’ failure to support their allegations of misconduct by the children, not the appellants’ other arguments as to why the case had not been settled. Here, it is clear that appellants caused some delay in the proceedings, and the court acted in its discretion in imposing a sanction for fees caused by the delay. This case is analogous to cases affirming fee awards as sanctions where a party moves for a continuance on the eve of trial, causing the other side to incur unneces *1160 sary fees. See Dep’t of Children & Families v. M.G., 838 So.2d 703 (Fla. 5th DCA 2003) (holding that a trial court did not abuse its discretion in awarding fees incurred because the Department moved for a continuance on the eve of trial).
The amount of fees awarded, however, is excessive based upon the extent of the sanctionable conduct. As stated by the Fifth District, an award of fees under the inequitable conduct doctrine requires “an express finding of bad faith conduct and must be supported by detailed factual findings describing the specific acts of bad faith conduct that resulted in the unnecessary incurrence of attorneys’ fees.” Allegheny Cas. Co. v. Roche Sur., Inc., 885 So.2d 1016, 1020 (Fla. 5th DCA 2004). Likewise, Moakley makes clear that an award of fees as a sanction must be directly related to the attorney’s fees and costs that the opposing party has incurred as a result of the specific bad faith conduct.
It is apparent that the trial court awarded fees that were not directly related to the specific bad faith conduct of appellants. The fee award should have been limited to the narrow circumstance of the appellants’ failure to come forward with proof of their allegation of theft at the January 2009 hearing. The November hearing was scheduled by the children on their motion to enforce the settlement agreement. Bennett’s conduct compelled the trial court to continue the hearing until January 2009. Thus, the only delay or “vexatious litigation” involved the January hearing, and at most fees should have been limited to those incurred in preparing for and attending that hearing. Moreover, since the presentation at that hearing convinced the court that it could not enforce the alleged 2008 settlement agreement, we are hard-pressed to conclude that the entire hearing was “vexatious.” Bennett obtained the relief she sought. Nevertheless, the court could have assessed some portion of appel-lees’ fees against Bennett as a sanction.
Not only did the court award fees in excess of those directly related to the sanctionable conduct, it failed to determine the reasonable number of hours and hourly rate. When someone other than the client is required to pay the other party’s attorney’s fees, the trial court must award only a reasonable fee, determined from testimony by expert witness lawyers as to the prevailing rates for attorneys in comparable circumstances and as to the amount of time reasonably expended by the attorney for the party seeking payment. Franklin & Marbin, P.A. v. Mascola, 711 So.2d 46, 48-49 (Fla. 4th DCA 1998); Fla. Patient’s Comp. Fund v. Rowe, 472 So.2d 1145 (Fla.1985). This requires the trial court to make findings of fact in the judgment as to the number of hours spent and a reasonable hourly rate. Simpson v. Simpson, 780 So.2d 985, 988 (Fla. 5th DCA 2001).
In this case the trial court simply awarded a lump sum of $12,500 in fees. The court made no findings as to the reasonable hourly rate and the reasonable number of hours. Although the children suggest in their brief that the court awarded 38.46 hours, the court never actually made this finding. Rather, it is apparent that the children have simply arrived at that figure by dividing the court’s lump-sum fee award by the hourly rate claimed at the fee hearing ($325). The court’s order was insufficient, because it is improper to “reverse engineer” the required findings based upon a lump sum award of fees. Id. at 988.
The court also assessed “fees on fees” for all of the time spent by appellees in the two hearings to secure an award. Appellants contend that it was improper to assess those fees. In State Farm Fire & *1161 Casualty Co. v. Palma, 629 So.2d 830, 833 (Fla.1993), the supreme court held that in cases involving disputed insurance claims, statutory fees may be awarded pursuant to section 627.428(1) “for litigating the issue of entitlement to attorney’s fees but not the amount of attorney’s fees.” However, this court has affirmed an award of attorney’s fees, including fees incurred in determining the amount of fees to be awarded, where the award of attorney’s fees was a sanction. See Condren v. Bell, 853 So.2d 609, 610 (Fla. 4th DCA 2003) (holding that “because the fees awarded for litigating the issue of fees was a sanction and supported by substantial competent evidence, the award does not run afoul of [Palma ]”); accord Bates v. Islamorada, 939 So.2d 171, 172 (Fla. 3d DCA 2006) (“The fees awarded in the instant case differ in that they were not statutorily based, and were instead, awarded as sanctions levied against the appellants for failing to comply with the trial court’s orders.”) (emphasis in original). Because the trial court awarded fees as a sanction against Bennett, it was within its discretion to include “fees on fees” for the time spent in litigating the amount of fees.
Finally, as to the issue of awarding the expert’s fees, this too was within the trial court’s discretion. See Condren, 853 So.2d at 610 (affirming award of sanctions which included fees for the expert witness). Absent a stipulation, case law required the children to have an expert witness as to the reasonableness of fees. See Franklin, 711 So.2d at 48-49. However, in this case the expert’s testimony regarding the fees did not comport with the law. The expert opined on the entire amount of time expended by appellees’ attorneys, rather than the time incurred connected with the narrow range of sanctionable conduct. The court should take this into consideration on remand in determining the appropriate costs to be awarded to the appel-lees.
In sum, while the court was within its discretion in sanctioning the appellants for Bennett’s “vexatious litigation” in making unfounded claims of misappropriation against the children, it awarded fees in excess of those directly related to the sanc-tionable conduct. We reverse for a rede-termination of those fees and leave it to the trial court’s discretion whether to award “fees on fees” as well as expert costs, in an amount commensurate to what would be necessary to establish fees permitted by Moakley.

Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.

POLEN and FARMER, JJ., concur.

. On appeal, this court reversed for an evi-dentiary hearing on the issue of whether an enforceable settlement agreement exists:
Appellants assert that there is no enforceable settlement agreement because the court vacated the order approving the settlement. Appellees argue the court vacated only the order approving the incorrect version of the settlement and that the correct version of the settlement upon which the parties agreed in mediation is valid and enforceable. From the record, it is unclear whether an enforceable settlement agreement exists. Because a factual determination needs to be made, we reverse and remand for an evidentiary hearing on whether the settlement agreement is enforceable and should be accepted; if not enforceable, then the case should proceed to a trial on the merits.
Bennett v. Berges, 32 So.3d 771, 771-72 (Fla. 4th DCA 2010).

. Although Bennett appears to have been the driving force behind the allegation that the children misappropriated assets, Miller has not individually raised any argument on appeal that the trial court should have sanctioned only Bennett.