TAYLOR, J.
This appeal concerns an order granting attorney’s fees and costs incurred in guardianship proceedings wherein the father/co-guardian contested the mother/co-guardian’s petition for compensation and additional monies for the care of their disabled adult son/ward. We agree with the father that the trial court’s “global order” on attorney’s fees and costs must be reversed because the order fails to set forth (1) the basis for the fees awarded and those not awarded, (2) express findings regarding the number of hours reasonably expended, and (3) express findings regarding the reasonable hourly rate for the type of litigation involved.
It is well-settled that an award of attorney’s fees must be supported by substantial competent evidence and contain express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved. See Simhoni v. Chambliss, 843 So.2d 1036, 1037 (Fla. 4th DCA 2003); see also Fla. Patient’s Comp. Fund v. Rowe, 472 So.2d 1145 (Fla.1985). These requirements are mandatory. Guardianship of Halpert v. Rosenbloom, 698 So.2d 938, 939 (Fla. 4th DCA 1997). Moreover, it is improper to “reverse engineer” the required findings based upon a lump sum award of fees. See Bennett v. Berges, 50 So.3d 1154, 1160 (Fla. 4th DCA 2010); but compare Blits v. Renaissance Cruises, Inc., 647 So.2d 971, 972 (Fla. 4th DCA 1994) (holding that reversal was not required, despite the lack of findings in the written order, where the trial court stated on the record that it would award $11,250 and that it derived this number by multiplying seventy-five hours times $150 an hour).
Here, the trial court’s order contains insufficient findings; it does not com *708 ply with the requirement that the court make express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved. Furthermore, the trial court’s order fails to explain the basis for a reduction in fees which the court determined was for “multiple lawyers on the same matter.” While this reduction may have been warranted, the trial court should make a specific finding explaining which work was duplicative. The mere fact that both a partner and an associate appeared at a particular proceeding does not necessarily mean that their work was duplicative.
Although the trial court utilized the correct legal standard in concluding that the legal services must be beneficial to the ward to be compensable, see § 744.108, Fla. Stat. (2010), Thorpe v. Myers, 67 So.3d 338, 345 (Fla. 2d DCA 2011), on remand, the trial court should make a specific finding as to which fees and costs were non-compensable on this ground. The trial court’s conclusion that only 60% of the services of the father’s attorneys benefitted the ward was not supported by any specific findings. In short, “[t]he circuit court’s order must set forth the basis for the award, including the hours determined to be compensable, the hourly rate, and the other factors considered in arriving at the award.” Id. at 346. Additionally, as appellant points out, the order failed to itemize the costs allowed. On remand, the trial court “must also itemize the costs allowed.” Id.
Reversed and Remanded.
WARNER and STEVENSON, JJ„ concur.