# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2120
_____

REVA SHAYNE GREENE
n/k/a Reva Bass,

     Appellant,

     v.

HUNTER GREENE,

     Appellee.

_____


On appeal from the Circuit Court for Madison County.
William R. Slaughter, Judge.

April 18, 2018


PER CURIAM.

At the time of Spring Break, the parties could not agree on interpretation of the timesharing plan regarding their child. Threats were made, texts exchanged, and the police were called. Subsequently, Appellant sought relief in the trial court. Appellant argues that the trial court abused its discretion by 1) denying her Motion for Civil Contempt/Enforcement based on its finding that her interpretation of the timesharing provision of a Final Judgment of Dissolution of Marriage was unreasonable; and 2) awarding attorney's fees to Appellee. We affirm the trial court's interpretation of the timesharing plan as it relates to the holidays in dispute. Thanksgiving break begins from the time school adjourns on Wednesday until school

resumes the following Monday. Spring Break holiday is from the time school adjourns on Friday preceding the break until school resumes again the following Monday. However, because the trial court abused its discretion in awarding attorney's fees to Appellee, we reverse that portion of the Order.

In the Order denying the motion, the trial court pronounced, "[t]hat the Court, on its inherent authority to award attorney's fees finds that the [Appellee] is entitled to recover reasonable attorney's fees."  No specific findings or reasoning as to the basis for the award of attorney's fees was detailed other than a citation to *Moakley v. Smallwood*, 826 So. 2d 221 (Fla. 2002).  Neither party requested attorney's fees based on financial reasons.

The trial court has authority to award attorney's fees under the inequitable conduct doctrine when a party has acted with egregious conduct or in bad faith. *Bitterman v. Bitterman*, 714 So. 2d 356, 365 (Fla. 1998).  Such an award is "reserved for those extreme cases where a party acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (quoting *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.*, 417 U.S. 116, 129 (1974)).

When awarding fees under the inequitable conduct doctrine, the trial court is not compelled to make any express findings of a party's financial need or inability to pay. *Becker v. Becker*, 778 So. 2d 438, 439 (Fla. 1st DCA 2001). However, the trial court must make express findings of bad faith conduct, "supported by detailed factual findings describing the specific acts of bad faith conduct that resulted in the unnecessary incurrence of attorneys' fees." *Moakley*, 826 So. 2d at 227. The finding must also be based on a "high degree of specificity in the factual findings." *Id.* The reasons warranting an award of attorney's fees to an opposing party must be directly correlated to the amount of attorney's fees and costs imposed on said opposing party through the specific bad faith conduct. *Id.*

2

Here, the lower court's award of attorney's fees to Appellee was an abuse of discretion because the court's blanket finding simply lacks the required "high degree of specificity." *See id.* The trial court's only support for the award was a finding that Appellant's, " . . . interpretation of the Court's Judgment was incorrect and unreasonable." The Order also noted that Appellant called law enforcement on several occasions and sent a text message to Appellee threatening arrest. These findings lack the specificity required for an award of attorney's fees under the inequitable conduct doctrine. Further, the record does not support a finding of bad faith conduct required for such an award. Accordingly, the award of attorney's fees to Appellee is reversed.

AFFIRMED in part, REVERSED in part.

LEWIS, KELSEY, and M.K. THOMAS, JJ., concur.

––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––

Wesley R. Stacknik of Stacknik Law, Seminole, for Appellant.

Donald R. Curtis, III, of the Curtis Law Firm, P.A., Perry, for Appellee.