# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D17-3943

_____

PAUL D. ST. ONGE, JR.,

Appellant,

v.

MELISSA T. CARRIERO,

Appellee.

_____

On appeal from the Circuit Court for Holmes County.
Timothy Register, Judge.

August 24, 2018

PER CURIAM.

Paul D. St. Onge, Jr. (Former Husband) and Melissa T. Carriero (Former Wife) dissolved their marriage in 2013. Two minor children were born of the marriage. In 2014, Former Wife sought to modify the child support provision of the original final judgment of dissolution, which incorporated the parties' marital settlement agreement. In 2017, she moved to hold Former Husband in contempt of court for failing to pay one-half of the children's uncovered medical and dental expenses. In separate orders, the trial court modified Former Husband's child support obligation and held Former Husband in contempt. Former Husband appeals both orders. We affirm the modification of child support without further discussion. However, we reverse the contempt order.

A trial court may hold a party in contempt for intentionally failing to comply with a court order. *Rojo v. Rojo*, 84 So. 3d 1259, 1261-62 (Fla. 3d DCA 2012). To support a contempt finding, the violated order must clearly and definitely make the party aware of the court's command. *M.J. v. State*, 202 So. 3d 112, 113 (Fla. 5th DCA 2016). "[W]hen a final judgment or order is not sufficiently explicit or precise to put the party on notice of what the party may or may not do, it cannot support a conclusion that the party willfully or wantonly violated that order." *Keitel v. Keitel*, 716 So. 2d 842, 844 (Fla. 4th DCA 1998).

It is undisputed that the marital settlement agreement here requires Former Husband to pay one-half of the children's uncovered medical and dental expenses. However, Former Wife was seeking reimbursement for orthodontic expenses. The marital settlement agreement did not contain a definition of dental expenses. A portion of the agreement, which was left blank, specifically referred to medical, dental, and orthodontic expenses as three separate categories of expenses. And it was error for the trial court to find that payment for orthodontic expenses was implied in the requirement to pay for dental expenses. *Harris v. Hampton*, 70 So. 3d 747, 749 (Fla. 4th DCA 2011) (holding that an implied provision of a marital settlement agreement cannot serve as the basis for an order of contempt); *Cooley v. Moody*, 884 So. 2d 143, 145 (Fla. 2d DCA 2004) ("[T]he law affords [the mother] the right to read the order as expressly written because the law also imposes upon the court the requirements to be explicit and precise in its commands if strict compliance is to be exacted in the form of a contempt sanction."). Because the marital settlement agreement was silent on the payment of orthodontic expenses, the trial court erred in holding Former Husband in contempt for failing to pay these expenses.

Further, the contempt order is defective because the trial court did not make an affirmative finding that Former Husband had the present ability to pay the purge amount. *See* Fla. Fam. L. R. P. 12.615(e); *Martyak v. Martyak*, 873 So. 2d 405, 407 (Fla. 4th DCA 2004) (holding that a trial court must make separate affirmative findings that the alleged contemnor has the ability to pay the purge amount and the basis for such ability). Contrary to Former Wife's argument, the transcript of the final hearing, which

shows that Former Husband arguably has the ability to pay the purge amount, cannot substitute for the affirmative finding that the contemnor has the ability the pay the purge. *Jensen v. Jensen*, 35 So. 3d 972 (Fla. 5th DCA 2010).

We, therefore, affirm the order on child support and reverse the order on contempt.

AFFIRMED in part, REVERSED in part, and REMANDED.

LEWIS and ROWE, JJ., concur; WOLF, J., concurring with opinion.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

WOLF, J., concurring.

I concur in the result in this case but write to emphasize the importance of the wording of the settlement agreement in determining whether the requirement to pay dental expenses is specific enough to encompass orthodontic expenses.

The common meaning of orthodontics is "*a branch of dentistry* dealing with irregularities of the teeth . . . and their correction . . . ." https://www.merriam-webster.com/dictionary/orthodontics (last visited July 25, 2018) (emphasis added). If the agreement had not created ambiguity, I would find that the requirement to pay uncovered dental expenses is sufficiently clear to support a finding of contempt for failing to pay orthodontic expenses.[*]

———————————

[*] I would also note that this court's holding only addresses the clarity required for a finding of contempt and does not specifically address whether the trial court can construe the settlement agreement to cover orthodontic expenses.

_____

Kristina M. Cook, Navarre, for Appellant.

Clay B. Adkinson, DeFuniak Springs, for Appellee.