DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRENDA FORMAN**,
Appellant,

v.

**HOWARD C. FORMAN**,
Appellee.

No. 4D18-3286

[November 6, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mark A. Speiser, Judge; L.T. Case No. MHC 17-0822.

Roderick D. Vereen of the Law Office of Roderick D. Vereen, P.A., Miami, for appellant.

Scott A. Weiss and R. Daniel Sirois of Scott A. Weiss, P.A., Fort Lauderdale, for appellee.

DAMOORGIAN, J.

Brenda Forman ("Wife") appeals an order assessing attorney's fees and costs against her personally, arising out of proceedings which Wife initiated to determine the incapacity of her then estranged husband, Howard Forman ("Husband"), and to appoint an emergency temporary guardian. The trial court specifically assessed fees against Wife under section 744.331(7), Florida Statutes, after finding that Wife filed the petition to determine incapacity in bad faith. We affirm the order as to the finding of entitlement to fees without further comment. Because the court failed to make specific findings as to the amount of fees, however, we are compelled to reverse and remand for entry of a written order containing the necessary findings.

Husband's court-appointed attorney initially sought in excess of $100,000 in fees, which included work performed by the attorney at an hourly rate of $395 and work performed by the attorney's paralegal at an hourly rate of $125. After considering the evidence presented at the fee hearing, the court determined that 171.42 hours at the hourly attorney rate of $350 and hourly paralegal rate of $125 was reasonable and

awarded a lump sum of $59,997 in fees. In reducing the amount of attorney's fees sought, the court found that some of the billing entries were duplicative and/or included administrative work which should have been performed by a paralegal and billed accordingly. The court did not distinguish in its order the specific number of hours expended by the attorney versus the number of hours expended by the paralegal, nor did it specify which entries were duplicative. The court also awarded additional fees, including $1,400 for the time spent litigating the amount of fees.

"It is well-settled that an award of attorney's fees must be supported by substantial competent evidence and contain express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved." *Mitchell v. Mitchell*, 94 So. 3d 706, 707 (Fla. 4th DCA 2012). These required findings are mandatory, and it is improper for a court to "'reverse engineer' the required findings based upon a lump sum award of fees." *Id.*

Here, the court's order does not include the required findings as to the number of hours reasonably expended by the attorney versus the number of hours reasonably expended by the paralegal. Instead, the court merely awarded a lump sum award of fees. *See Bennett v. Berges*, 50 So. 3d 1154, 1160 (Fla. 4th DCA 2010) (holding that the court's order was insufficient because it awarded a lump sum of fees without making the requisite findings). Moreover, although the court reduced the amount of attorney's fees sought on the basis that some of the billing entries were duplicative, the court did not specify which entries were duplicative. *See Thorpe v. Myers*, 67 So. 3d 338, 345 (Fla. 2d DCA 2011) (holding that the attorney's fees order was deficient because the court failed to "delineate the services for which compensation was deemed permissible and the services for which compensation was disallowed").

Accordingly, we reverse and remand to the trial court for entry of a written order containing the necessary findings. *See Simhoni v. Chambliss*, 843 So. 2d 1036, 1037 (Fla. 4th DCA 2003). "The court need not hold a new evidentiary hearing if it is able to enter a written order from its notes or a transcript of the original fees hearing." *Id.*

As to the trial court's award of $1,400 in fees for the time spent in litigating the amount of fees, which Wife also challenges, we hold that it was within the court's discretion to include "fees on fees" because it awarded the underlying fees as a sanction under section 744.331, Florida Statutes. *See Bennett*, 50 So. 3d at 1158–59 (recognizing that, in certain circumstances, a trial court can award "fees on fees" as a sanction); *Condren v. Bell*, 853 So. 2d 609, 610 (Fla. 4th DCA 2003) (same). Section

744.331, which governs the procedures for determining incapacity, provides that fees "may be assessed against the petitioner if the court finds the petition to have been filed in bad faith." § 744.331(7)(c)2., Fla. Stat. (2017). Because an award of attorney's fees under the statute is predicated upon a finding of bad faith conduct on the part of the petitioner, it is clear that the legislature intended for an award of fees under the statute to serve as a sanction. *Cf. Bennett*, 50 So. 3d at 1158 (holding that because the statute at issue did not provide a valid basis for *personal liability* for attorney's fees but rather merely provided for an award of fees from the estate, the court could not award "fees on fees" as a sanction under the statute).

*Affirmed in part, reversed in part, and remanded.*

CIKLIN and GERBER, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**