DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**REGINALD HICKS,** former guardian,
Appellant,

v.

**SHARON HICKS,** successor guardian
and **ELGIN POLO,** accountant,
Appellees.

No. 4D19-340

[November 20, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mark A. Speiser, Judge; L.T. Case No. PRC 07-5967.

Charles D. Franken of Franken & Lacher, P.A., Plantation, for appellant.

Tieesha N. Taylor of Elderly Care Law Firm, Miami, for appellee Sharon Hicks.

LEVINE, C.J.

A former guardian appeals an order holding him in indirect civil contempt. The former guardian failed to comply with court orders requiring him to file a final guardianship report. The court order required the former guardian to pay $3,500 in attorney's fees and $13,784.88 in forensic accountant fees. We reverse the award of attorney's fees because the trial court failed to (1) make the requisite finding of "bad faith," (2) link the "bad faith" conduct to the attorney's fees incurred by the opposing party, and (3) take testimony and make findings as to the reasonable hours and hourly rate of the opposing party's counsel. As to the award of accounting fees, we affirm, finding the former guardian's appeal on this issue to be without merit. Finally, we reverse the portion of the order requiring incarceration if the purge amount is not paid because the trial court failed to make the requisite finding of present ability to pay.

Reginald Hicks ("guardian") acted as the guardian for his mother. During the guardianship, the guardian failed to comply with several court orders, including failure to place the ward's property in a restricted

account; failure to file annual plans, annual accountings, and inventories; and failure to complete a guardian education course.

The guardian's sister, Sharon Hicks ("sister"), petitioned the trial court to retain a forensic accountant. The court granted the petition and ordered that the guardian pay for the accountant's services. The guardian repeatedly refused to provide information requested by the accountant and failed to pay the accountant, resulting in multiple orders of contempt, enforcement, and sanctions. The trial court ultimately entered an order removing the guardian and directing him to file the final guardianship report. When the guardian failed to file the final guardianship report, the trial court entered additional orders for sanctions and contempt.

Meanwhile, the forensic accountant filed a report, finding "significant differences" between the income reported to the IRS and income deposited into the ward's account. Thereafter, the sister moved for contempt, requesting that the court compel the guardian to produce the final guardianship report as well as grant sanctions and attorney's fees. The sister also petitioned for an order compelling the guardian to pay $13,784.88 in forensic accountant fees.

After consulting with the guardian regarding his availability, the sister noticed a hearing on the motion for contempt and petition for accounting fees. Despite confirming the guardian's availability, he failed to appear at the hearing. The sister filed a motion for rule to show cause why the guardian should not be held in contempt for failing to file the final guardianship report and failing to appear at the hearing.

After a hearing, the trial court found the guardian in indirect civil contempt for failing to comply with orders directing him to file the final guardianship report. The trial court directed the guardian to pay $3,500 in attorney's fees and $17,284.88 in forensic accounting fees. The order admonished that the guardian's failure to comply would result in incarceration with a purge amount of $17,284.88. From this order, the guardian appeals.

The guardian argues that the trial court erred in awarding attorney's fees because it failed to make a specific finding of "bad faith" and failed to show that the attorney's fees were related to that "bad faith" conduct. The guardian further argues that the trial court failed to take any expert testimony or make any findings as to the reasonable number of hours and hourly rate. We agree.

2

"A trial judge's decision to impose sanctions for bad faith litigation conduct is reviewed under an abuse of discretion standard." *Bennett v. Berges*, 50 So. 3d 1154, 1159 (Fla. 4th DCA 2010). "[A]n award of attorney's fees must be supported by substantial competent evidence and contain express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved." *Mitchell v. Mitchell*, 94 So. 3d 706, 707 (Fla. 4th DCA 2012).

A trial court possesses inherent authority to award attorney's fees and costs for bad faith conduct against a party. *Moakley v. Smallwood*, 826 So. 2d 221, 224 (Fla. 2002). This inherent authority, known as the "inequitable conduct doctrine," "is reserved for those extreme cases where a party acts in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (citations and quotation marks omitted). However, any such award by the trial court "must be based upon an express finding of bad faith conduct and must be supported by detailed factual findings describing the specific acts of bad faith conduct that resulted in the unnecessary incurrence of attorneys' fees." *Id.* at 227; *see also Ochalek v. Rivera*, 232 So. 3d 1050, 1053 (Fla. 4th DCA 2017) (reversing and remanding for further proceedings because "the trial court failed to make an express finding of bad faith conduct"). Although the magic words "bad faith" are not necessary, the trial court must use equivalent language to describe the sanctionable conduct. *See Robinson v. Ward*, 203 So. 3d 984, 990 (Fla. 2d DCA 2016) (affirming award of attorney's fees as a sanction where the trial court set forth a list of eight instances of improper conduct and specifically concluded that defense counsel's actions were "'improper and deliberate,' had resulted in a miscarriage of justice, and had solely and directly caused [appellee] 'to incur additional time and expense of relitigating a trial'").

In the instant case, the trial court's order is insufficient on its face to support the fee award. Significantly, the trial court did not make the requisite express finding of "bad faith" conduct. *Moakley*, 826 So. 2d at 224; *Bennett*, 50 So. 3d at 1159. In its order, the trial court found that the guardian failed to comply with court orders to file the guardianship report and failed to appear at a hearing. The trial court also noted that the forensic accountant testified regarding discrepancies between the income on the annual guardianship accounts and income reported to the IRS. Absent from the trial court's order were any findings of "bad faith" or "sanctionable conduct."

Nor did the order show how any bad faith conduct by the guardian directly caused the sister to incur $3,500 in attorney's fees. "[A]n award of fees as a sanction must be *directly related* to the attorney's fees and

costs that the opposing party has incurred as a result of the specific bad faith conduct." *Bennett*, 50 So. 3d at 1160; *Moakley*, 826 So. 2d at 224. Even the sister effectively concedes error and "confess[es] that the purpose of the funds is not clear from the order."

The trial court also failed to take testimony and make findings as to the reasonable hours and hourly rate of the sister's counsel. In awarding attorney's fees, a trial court must set forth specific findings, predicated on expert testimony, as to the hourly rate and number of hours reasonably expended. *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1151-52 (Fla. 1985); *Mitchell*, 94 So. 3d at 707. The same rule applies with respect to an award of attorney's fees as a sanction. *Rakusin v. Christiansen & Jacknin, P.A.*, 863 So. 2d 442, 445 (Fla. 4th DCA 2003). The sister also concedes error in the trial court's failure to include the lodestar.

Finally, reversal is also required because the trial court failed to make an affirmative finding that the guardian had the present ability to pay the purge amount. *See St. Onge v. Carriero*, 252 So. 3d 1280, 1282 (Fla. 1st DCA 2018). "[T]he key safeguard in civil contempt proceedings is a finding by the trial court that the contemnor has the ability to purge the contempt." *Parisi v. Broward Cty.*, 769 So. 2d 359, 365 (Fla. 2000). Thus, "[b]efore a court can enforce an order of contempt, it must first determine, by competent substantial evidence, that the contemnor has the present ability to pay from some available asset." *Whitby v. Infinity Radio, Inc.*, 961 So. 2d 349, 354 (Fla. 4th DCA 2007). Accordingly, we reverse the portion of the order providing for the guardian's incarceration without prejudice for the trial court to reimpose incarceration should competent evidence support the guardian's present ability to pay any purge amount.

In sum, we affirm the award of accounting fees, reverse the award of attorney's fees, reverse the incarceration portion of the contempt order, and remand for further proceedings consistent with this opinion.

*Affirmed in part, reversed in part, and remanded.*

CONNER and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

4