# Third District Court of Appeal
## State of Florida

Opinion filed July 13, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-305
Lower Tribunal Nos. 20-261 AP, 16-20107 CC
_____

## Hosanna Community Baptist Church, Inc.,
Appellant/Cross-Appellee,

vs.

## 24 HR Air Service, Inc.,
Appellee/Cross-Appellant.

An Appeal from the County Court for Miami-Dade County, Michael G. Barket, Judge.

Pierre Simon, LLC, and Faudlin Pierre (Fort Lauderdale), for appellant/cross-appellee.

Law Office of Alexander Alvarez, and Alexander Alvarez, Anamari C. Del Rio, and Mickey J. Bahr, for appellee/cross-appellant.

Before SCALES, HENDON, and GORDO, JJ.

On Partial Confession of Error

HENDON, J.

The plaintiff below, Hosanna Community Baptist Church, Inc. ("Church"), appeals the trial court's order awarding the Church $5,000 in attorney's fees against the defendant below, 24 HR Air Service, Inc. ("Contractor") ("Attorney's Fees Order"). The Contractor cross-appeals the trial court's order finding that the Church is entitled to recover attorney's fees from the Contractor ("Entitlement Order"). We affirm the Entitlement Order without further discussion. See Stockman v. Downs, 573 So. 2d 835, 837-38 (Fla. 1991) ("Where a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney's fees."). We affirm, in part, and reverse, in part, the Attorney's Fees Order, and remand for further proceedings consistent with this opinion.

Following our review of the arguments raised by the Church on appeal, we conclude that (1) the trial court, as conceded by the Contractor, erred by disregarding, without justification, the parties' stipulation as to the reasonable number of hours expended by the parties, and we remand with instructions for the trial court to enter a final order awarding attorney's fees consistent with the parties' stipulation that the Church's counsel expended

58.79 reasonable hours litigating the action, see Lizardi v. Federated Nat'l Ins., 322 So. 3d 184, 188 (Fla. 2d DCA 2021) ("In rendering a fee award, trial courts are required to make specific findings to support their conclusions regarding the number of hours reasonably expended, the reasonable hourly rate, and appropriateness of the reduction or enhancement factors."); Mitchell v. Mitchell, 94 So. 3d 706, 707 (Fla. 4th DCA 2012) ("It is well-settled that an award of attorney's fees must be supported by substantial competent evidence and contain express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved. These requirements are mandatory.") (internal citations omitted); (2) the trial court erred by disregarding, without justification, the parties' stipulation as to costs for the Church's fee expert and the court reporter, and we remand with instructions for the trial court to enter a final order awarding as costs to the Church $2,000 for its expert fee witness and $120 for the court reporter; (3) the trial court erred by awarding $250 as an hourly rate for the Church's counsel without making express findings as to the majority of the factors set forth in Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985), and we remand to the trial court to reconsider the hourly rate for the Church's counsel after addressing the Rowe factors; (4) the trial court erred

3

by failing to include in its Attorney's Fees Order provisions awarding both pre- and post-judgment interest to the Church, and we remand with instructions for the trial court to include such provisions in its order, see Quality Engineered Installation, Inc. v. Higley S., Inc., 670 So. 2d 929, 930-31 (Fla. 1996) (holding that "interest accrues from the date the entitlement to attorney fees is fixed through agreement, arbitration award, or court determination, even though the amount of the award has not yet been determined"); Wood v. Unknown Pers. Representative of Est. of Burnette, 56 So. 3d 74, 76 (Fla. 2d DCA 2011) (stating that computation of prejudgment interest is a purely ministerial duty); see also § 55.03, Fla. Stat. (2021) (setting forth rate of interest on judgments or decree); and (5) the trial court erred by failing to include a provision in the Attorney's Fees Order requiring the Contractor to complete the Fact Information Sheet, and we remand for the trial court to include such a provision in its order, see Fla. R. Civ. P. 1.560(c) (providing, if requested by the prevailing party or attorney, the judge shall include a provision in a final judgment requiring the debtor to complete the Fact Information Sheet). Accordingly, as to the Attorney's Fees Order, we affirm, in part, and reverse, in part, and remand for further proceedings consistent with this opinion.

4

Affirmed, in part; reversed, in part, and remanded for further proceedings consistent with this opinion.