# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-2559
Lower Tribunal No. 20-CA-003288

_____

TYLER FORREY, DANIELLE FORREY, MILES GARNER, ROOF RX, LLC, ISLAND LIFE CHARTER COMPANY, THE BETTER ROOF GUY, LLC, and MILES HIGH, LLC,

Appellants,

v.

MARLIN CONSTRUCTION GROUP, LLC,

Appellee.

_____

Appeal from the Circuit Court for Lee County.
Keith R. Kyle, Judge.

September 30, 2024

WOZNIAK, J.

Appellants Tyler Forrey, Danielle Forrey, Miles Garner, Roof RX, LLC, Island Life Charter Company, The Better Roof Guy, LLC, and Miles High, LLC appeal an order awarding attorney fees and costs as bad faith sanctions to Marlin Construction Group, LLC and allowing for immediate execution.[1] The trial court

---

[1] We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A); *see also Hastings v. Osius*, 104 So. 2d 21, 22 (Fla. 1958) (holding that order awarding attorney fees

awarded bad faith sanctions for two reasons: (1) Appellants wrongly denied certain allegations in Marlin's complaint; and (2) Appellants submitted improperly notarized affidavits in support of their request for a temporary injunction. Appellants primarily argue that the trial court failed to make requisite findings of bad faith to support entitlement to attorney fees and costs.[2] We agree.

## Background

In May 2020, Marlin filed a complaint against Appellants (a combination of Marlin's former employees and their respective corporate entities), alleging that they conspired to steal Marlin's trade secrets. Appellants denied most of the allegations in Marlin's complaint, including "[w]hile working for Marlin . . . Tyler, Danielle, and Garner obtained access to Marlin's trade secrets including . . . Marlin's customer list and database[.]" In her deposition, however, Danielle Forrey admitted to accessing Marlin's database and sending an email to Marlin's customers informing them that she and Tyler Forrey had started their own roofing company, Roof RX, LLC.

As the case proceeded, Roof RX, LLC received word from its own customers that Marlin's employees were approaching them and discussing the lawsuit. To stop

which contained provision "for which let execution issue" was appealable final order even though underlying lawsuit had not yet been resolved).

[2] We reject without comment Appellants' argument regarding lack of notice and opportunity to be heard.

2

Marlin's employees from approaching its customers, Roof RX, LLC filed a motion for temporary injunction. In support, Roof RX, LLC gathered affidavits from five customers that had similar experiences with Marlin's employees. To procure the affidavits, Tyler Forrey interviewed the affiants, provided information to Appellants' counsel to draft the affidavits, and based on information provided to him by the notary, had the affiants execute the affidavits without the notary being present. Tyler Forrey then delivered the signed affidavits to the notary who executed each without any of the affiants present. Marlin subsequently filed a motion to strike Appellants' answer and affirmative defenses for perpetuating fraud on the court based on the wrongful denial of certain allegations and submission of the improperly notarized affidavits.

At the evidentiary hearing on Marlin's motion, Danielle Forrey testified that she interpreted the complaint to allege that she had obtained access to Marlin's database with the intent to steal trade secrets. Accordingly, she denied the allegation that she accessed Marlin's database because she never intended to steal Marlin's trade secrets. Further, she read the complaint as asking if all three individual defendants—"Tyler, Danielle, *and* Garner"—obtained access to Marlin's database, and because only she accessed Marlin's database, she thought the allegation was properly denied.

3

The affiants who testified at the evidentiary hearing admitted under oath to signing the affidavits. However, the notary acknowledged that she did not comply with statutory notarization requirements,[3] admitting that she should not have notarized the affidavits outside the presence of the affiants.

The trial court found in its Amended Order on Plaintiff's Motion to Strike Defendants' Pleadings for Perpetuation of Fraud on the Court ("Entitlement Order") that:

> 26. [Danielle Forrey] knew nearly two months prior to having filed Defendants' Answer and Affirmative Defenses that she had some of Plaintiff's customer and referral source information and that she had used such information to contact some of Marlin's customers and referral sources, yet the allegations in paragraphs 14, 80 and 98 of the operative Complaint were categorically Denied in Defendants' Answer and Affirmative Defenses[.]
>
> 27. Based on Danielle Forrey's admissions to the questioning at her deposition compared with the categorical denials of the Defendants in their Answer to the operative Complaint by Marlin, this Court finds that, although there is not clear and convincing evidence of fraud on the Court, Danielle Forrey should have qualified her answer, individually, by admitting to the allegations in paragraphs 14, 80 and 98, wherein the other defendants could have Denied the allegations.
>
> . . . .

---

[3] Section 117.07(9), Florida Statutes (2020), provides that a notary may not notarize a signature on a document if the signatory does not appear before them.

35. Although the . . . affidavits used by Defendants in their proceedings may have been gained through sloppy handling, did not comply with the statutory notarization requirements, and contained some false and/or inaccurate statements by the affiants who acknowledge signing the affidavits, the actions do not compel this Court to find, by clear and convincing evidence, that the filing and use of the affidavits rise to the level of fraud on the Court.

Despite not finding fraud on the court, based on these findings, the trial court determined Marlin was entitled to bad faith attorney fees and costs "associated with the time and resources spent to discover the inconsistent [a]nswer to the [c]omplaint compared to [Danielle Forrey's] testimony . . . [and] for the time and resources expended in discovering the affidavits . . . were false and fraudulent[.]"

At the subsequent hearing to quantify fees and costs, the trial court awarded Marlin $186,916.50, which was most of the attorney fees and costs Marlin had incurred in the entire litigation between the date Appellants filed their answer and the date of the court's Entitlement Order. The trial court justified the award based on the testimony of Marlin's fee expert and found the following:

Plaintiff pled as a primary allegation in this case that Defendants misappropriated Plaintiff's customer and referral source database. This allegation was interwoven through twelve of the Plaintiff's fourteen counts in its original Verified Complaint. The Defendants wrongfully denied this primary allegation in their Answer and Affirmative Defenses filed July 7, 2020, and knew at the time that such denial was untrue, which required Plaintiff to engage in voluminous discovery, deposition and motion practice that would have been unnecessary had the Defendants properly admitted such allegation. This

5

allegation is inextricably intertwined and it is not feasible for this Court to apportion the fees related solely to proving the allegation, and thus disproving the Defendants' denial of same. Defendants not only denied the allegation in their Answer and Affirmative Defenses, but they also denied it in multiple discovery responses and other filings with the Court. In addition, the Defendants filed with this Court multiple affidavits they knew, or should have known, were false and fraudulently obtained. There is no question that the affidavits were fraudulently notarized outside of the presence of the purported affiants. The Court most certainly agrees with [Marlin's fee expert] that the majority of the work performed in this case from July 7, 2020 until this Court's ruling of December 16, 2021 was for the purpose of discovering that the Defendants' denials were improper and that the affidavits were false and fraudulently secured.

This appeal followed.

## Analysis

We turn first to Appellants' argument that the trial court's Entitlement Order was not predicated on a finding of bad faith.

A. Entitlement to Bad Faith Attorney Fees and Costs

"A trial judge's decision to impose sanctions for bad faith litigation conduct is reviewed under an abuse of discretion standard." *Bennett v. Berges*, 50 So. 3d 1154, 1159 (Fla. 4th DCA 2010) (citation omitted). "The inequitable conduct doctrine permits the award of attorney's fees where one party has exhibited egregious conduct or acted in bad faith." *Bitterman v. Bitterman*, 714 So. 2d 356, 365 (Fla. 1998). This doctrine "is rarely applicable" and "is reserved for those

6

extreme cases where a party acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (quoting *Foster v. Tourtellotte*, 704 F.2d 1109, 1111 (9th Cir. 1983)). "[A] finding of bad faith conduct must be predicated on a high degree of specificity in the factual findings[, and] . . . the amount of the award of attorneys' fees must be directly related to the attorneys' fees and costs that the opposing party has incurred as a result of the specific bad faith conduct . . . ." *Moakley v. Smallwood*, 826 So. 2d 221, 227 (Fla. 2002).

In its Entitlement Order, the trial court determined only that "Danielle Forrey should have qualified her answer, individually, by admitting to the allegations in paragraphs 14, 80 and 98, wherein the other defendants could have [d]enied the allegations." As to the affidavits, the trial court found primarily that they were obtained "through sloppy handling." Because neither of these statements reflect a finding that Appellants each acted in bad faith, the trial court abused its discretion and we reverse the order entitling Marlin to fees and costs. *See Greene v. Greene*, 242 So. 3d 526, 527-28 (Fla. 1st DCA 2018) (reversing fee award where trial court merely found appellant's interpretation of judgment "incorrect and unreasonable").

Additionally, even if the Entitlement Order contained the appropriate findings, the conduct detailed therein was attributable to only certain Appellants, yet the trial court imposed sanctions against all Appellants. This, too, was an abuse of discretion. *See Robinson v. Ward*, 203 So. 3d 984, 991 (Fla. 2d DCA 2016)

7

(reversing order imposing sanctions against associate attorney "because she did not commit the conduct detailed in the sanctions order").

Because we recognize that on remand the issue of bad faith sanctions may recur, we also address Appellants' argument that the trial court's fee and cost award was excessive.

B. <u>Award of Bad Faith Attorney Fees and Costs</u>

Under *Moakley*, a trial court may only award attorney fees and costs directly related to the additional work caused by the underlying bad faith conduct. *See Moakley*, 826 So. 2d at 227 ("[T]he amount of the award of attorneys' fees must be directly related to the attorneys' fees and costs that the opposing party has incurred as a result of the specific bad faith conduct . . . ."). Instead of discerning the additional work Marlin was required to undertake, the trial court awarded fees for legal work that it determined was "inextricably intertwined" with Appellants' conduct.[4] In so doing, the trial court exceeded the scope of its inherent authority to impose bad faith attorney fees and costs.

---

[4] Whether claims are "inextricably intertwined" is not the pertinent query in a bad faith sanctions analysis. Although not applicable here, a trial court may examine whether claims are "inextricably intertwined" and thus provide a full fee award when a prevailing party is entitled to attorney fees and costs by either contract or statute for a particular claim but not others. *See City of Daytona Beach v. A.B.*, 304 So. 3d 395, 399 (Fla. 5th DCA 2020).

The evidence presented at the hearing to quantify fees and costs reflects that much of the work included in the order quantifying attorney fees and costs would have needed to be performed regardless of Appellants' conduct, including time entries related to written discovery, depositions, case management plans and orders, non-binding arbitration orders, and trial schedules. On remand, if the trial court again finds it appropriate to award bad faith sanctions with appropriate supporting findings, only attorney fees and costs reflecting the additional work that was directly related to the bad faith conduct should be included in the sanctions award.

REVERSED and REMANDED.

TRAVER, C.J., and KITE, L.M., Associate Judge, concur.

Mark F. Raymond, George G. Mahfood, and Becky Esquenazi, of Nelson Mullins Riley & Scarborough LLP, Miami, for Appellants.

Jack C. Morgan, of Aloia Roland Lubell & Morgan PLLC, Fort Myers, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

9